```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

WILLIAM ROBINSON,

    Plaintiff

v.                                    CIVIL ACTION NO. 2:04-1155

VERIZON WEST VIRGINIA INC., and
KIM JAHNES, individual,

    Defendants


### MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion to remand to the Circuit Court of Kanawha County, filed November 24, 2004, and defendants' motion for oral argument, filed January 20, 2005.

### I.

Plaintiff William Robinson was employed by defendant Verizon West Virginia for nearly thirty years beginning October 1, 1974. (Compl. ¶ 6.) He alleges that he received notice sometime near the end of his employment that he would become eligible for retirement beginning October 5, 2002. (Compl. ¶ 9.) Plaintiff says that, relying on this information, he informed

defendant Kim Jahnes that he would retire effective October 5, 2002, on which date he apparently stopped reporting to work.[1] (Compl. ¶ 11.) On October 28, 2002, he was informed by Jahnes that he had not, in fact, been eligible to retire. (Compl. ¶ 12; Ans. ¶ 12.) Plaintiff maintains Jahnes told him that his notice of retirement would be "converted to a resignation," and that he requested reinstatement, but Jahnes refused to rehire him. (Compl. ¶ 13.)

In August 2004, plaintiff "again attempted to obtain his retirement pay." (Compl. ¶ 14.) Plaintiff complains that he was asked whether he would prefer to receive a lump sum or monthly payments, and that after he indicated he would prefer a lump sum, the payment was not timely. (Compl. ¶ 15.) He says that, upon further inquiry, he was told that he was not eligible for a lump sum payment. (Id.)

Plaintiff filed his complaint in the Circuit Court of Kanawha County on October 1, 2004, alleging causes of action for wrongful constructive discharge in violation of the West Virginia

---

[1] Defendants state that plaintiff had been "continuously absent from work beginning on or about August 29, 2004," and that when defendant Jahnes inquired on October 16, 2004, about plaintiff's absences, he told her that he had retired effective October 4, 2004. (Ans. ¶¶ 8, 11.)

2

Human Rights Act, fraud and detrimental reliance, and breach of fiduciary duty. (Compl. ¶¶ 16-28.) In support of his third claim, plaintiff states only that "[d]efendant Jahnes had a fiduciary duty to inform [him] that he was ineligible to retire" and that she breached that duty in failing to do so. (Compl. ¶¶ 26-28.) He alleges damages in the form of lost past and future wages, loss of professional skill and reputation, public embarrassment, loss of retirement value, and mental anguish. (Compl. ¶ 29.) Plaintiff asks that the court grant relief "in an amount of money to be determined by a jury plus interest provided by law, the costs of [his] legal action and any other costs the jury deems appropriate." (Compl., ad damnum.)

Defendants filed a notice of removal to this court on October 25, 2004. They argue that plaintiff has stated a federal claim under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., and that "complete preemption" prevents the state court from hearing this dispute. (Not. of Rem. at 3.) The state claims that are not preempted, they say, are within the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Id.)

3

II.

Plaintiff is a West Virginia resident, as is defendant Jahnes. (Compl. ¶ 1, 3.) Defendant Verizon is a corporation with a principal place of business in Charleston, West Virginia. (Ans. ¶ 2.) The parties lack diversity, and removal jurisdiction exists only if federal question jurisdiction is present. Federal question jurisdiction must be apparent from the face of the complaint, but "causes of action within the scope of the civil enforcement provisions of § 502 [of ERISA are] removable . . . [though they] purport[] to raise only state law claims." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 66-67 (1987).

The burden of establishing federal jurisdiction is upon the party seeking removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a federal district court must strictly construe removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). If federal jurisdiction is doubtful, remand is necessary. Mulcahey, 29 F.3d at 151 (citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993)).

4

III.

In opposing remand, plaintiff cites King v. Marriott International, Inc., 337 F.3d 421 (4th Cir. 2003), a case which he argues is dispositive. The King plaintiff had filed a complaint in state court stating a cause of action "for wrongful discharge . . . asserting in particular that she was discharged for complaining about and for refusing to violate" ERISA. (Id. at 423.) The court found that King's state law claims were not preempted because the only ERISA provision that could apply to her case was one proscribing discrimination against anyone who "has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter." (Id. at 427.) King had not given testimony, and there was no indication that she was about to give testimony. (Id. at 427-28.) She made her complaints only to her supervisor and other agents of her employer. (Id. at 427.) There being no federal cause of action, her state wrongful discharge claim was not preempted. (Id. at 428.)

Plaintiff also cites Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004), in which the defendant argued that the plaintiff's state law claims were preempted by operation of Section 301 of the Labor Management Relations Act. (Id. at 446.)

5

The Harless plaintiff's claims were remanded based on application of the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses." Id. at 450 quoting Aetna Health, Inc. v. Davila, 124 S. Ct. 2488 (2004). Aetna Health went on to state, however, that

> [t]here is an exception. . .to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Ibid. ERISA is one of these statutes.

Id. at 2494-95. Plaintiff's quest for remand then, unlike that of Harless, cannot properly be based solely on the well-pleaded complaint rule.

Unlike King, plaintiff has stated a claim that arises squarely under the ERISA enforcement provisions. Plaintiff has requested damages, in part, for "loss of retirement value," which he asserts resulted from wrongful constructive discharge after his employer committed fraud and breach of fiduciary duty. The

6

Fourth Circuit Court of Appeals, in addressing an issue similar to the one now before the court, has said that "generally speaking, ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan." <u>Griggs v. E.I. DuPont de Nemours & Co.</u>, 237 F.3d 371, 378 (4th Cir. 2001), <u>citations omitted</u>. In <u>Griggs</u>, a case cited by defendants, the plaintiff claimed that he elected for early retirement based on his employer's representations about benefits, but that his employer failed to notify him of the potential tax consequences of his election. His retirement distribution was subject to an immediate tax which "defeated the reason that Griggs elected to retire early." (<u>Id</u>. at 374.)

Plaintiff argues that he "is simply attempting to redress his wrongful termination and is not in any way seeking to recover any benefits that are due him under any ERISA benefit plan." (Def. Reply at 2.) Nevertheless, he clearly states in his complaint that he suffered "loss of retirement value" and requests that he be awarded unspecified money damages. He attempts to distinguish Griggs and other cases cited by defendants because in those cases, he says, "it is the amount or types of benefits in the various plans that are at issue"

7

whereas, he argues, his cause of action is based on Verizon's refusal to reinstate him to employment rather than his "eligibility to retire." (Def. Reply at 3-4.) Even plaintiff recognizes, however, that the Griggs "employee was induced to retire" based on representations made to him about the plan. (Def. Reply at 3.)

Indeed, the "crux" of Griggs centers on inducement and not, as plaintiff suggests, the amount of benefits at issue. Presumably, Griggs would not have chosen to retire had he been aware of the potential consequences of his decision. Likewise, plaintiff may not have chosen to stop reporting to work had defendants not, as plaintiff claims, represented that he was eligible for retirement. As with Griggs, plaintiff's assertion that he stopped reporting to work based on his employer's representation that he was eligible to retire "concerns a core function performed by an ERISA fiduciary – the provision of information about plan benefits to 'permit beneficiaries to make an informed choice about continued participation.'" Griggs, 237 F.3d at 380 quoting Varity Corp. v. Howe, 516 U.S. 489, 502 (1996). Plaintiff's claim for fraud "falls within the expansive scope of ERISA's preemption clause." (Id.)

8

IV.

For the reasons stated herein, it is ORDERED that plaintiff's motion to remand be, and it hereby is, denied. It is further ORDERED that defendants' motion to present oral argument be, and it hereby is, denied as moot.

The clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: April 26, 2005

John T. Copenhaver, Jr.
United States District Judge